IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| VICKI LYNN NORVELL,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY<br><br>Defendant. | Civil Action No. **RDB14CV3662**<br><br>(Removed from the Circuit Court for Anne Arundel County, Case No. C-02-CV-14-000150) |

## DEFENDANT'S NOTICE OF REMOVAL

Metropolitan life Insurance Company ("MetLife" or "Defendant"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby gives notice of removal of the above-captioned matter currently pending in the Circuit Court for Anne Arundel County, Maryland, Case No.: C-02-CV-14-000150, to the United States District Court for the District of Maryland. This notice is filed pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1445, and with full reservation of defenses. In support thereof, Defendant states as follows:

### I.  Background

1. On October 23, 2014, Plaintiff Vicki Lynn Norvell ("Plaintiff"), individually and as the Personal Representative of the Estate of Tas Spates Owens, initiated this civil action by filing a Complaint against Defendants in the Circuit Court for Anne Arundel County.

2. Plaintiff served MetLife by sending a copy of the summons and Complaint by registered mail to the Maryland Insurance Administration; service was made on MetLife on November 6, 2014.

3. This Notice of Removal has been timely filed within 30 days of service pursuant to 28 U.S.C. § 1446(b). *See also, e.g., Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.* 526 U.S. 344 (1999) (notice of removal is timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the complaint).

4. MetLife, as the only Defendant in this action, consents to removal.

5. As discussed in more detail below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) on the basis of diversity of citizenship.

## II. Procedural Statement

6. Pursuant to 28 U.S.C. § 1446(a), Defendants have attached true and correct copies of all state court process, pleadings, and orders to this Notice of Removal.

7. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff's counsel, and a copy will be promptly filed with the Clerk of the Circuit Court for Anne Arundel County.

8. The United States District Court for the District of Maryland encompasses the county in which the state court action is currently pending and, therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. § 1441(a).

9. As of yet, no proceedings have occurred in the Circuit Court. Plaintiff has filed a Complaint. No Defendant has filed a pleading responsive to the Complaint. Exhibit A attached hereto includes all state court process and pleadings received by or served upon Defendant in connection with Plaintiff's claim.

10. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' rights to assert any defense or affirmative matter.

### III. Jurisdiction Based On Diversity of Citizenship

11. This Court has jurisdiction based on 28 U.S.C. § 1332(a). Jurisdiction exists under § 1332(a) where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

12. In the Complaint, Plaintiff claims damages "in an amount in excess of $75,000." (Compl. p. 3). Plaintiff's Complaint seeks payment of $195,000.00 of life insurance benefits as well as "[a]n amount [to] be awarded against the Defendant to punish the defendant." (*See* Complaint ¶¶ 7-8). Accordingly, the amount in controversy exceeds $75,000.

13. The diversity requirement is satisfied in this case because the parties are citizens of different states.

14. As alleged in the Complaint, Plaintiff is a citizen of the State of Maryland. (Compl. ¶ 1).

15. A corporation's citizenship for diversity purposes is determined by (1) the state where it is incorporated, and (2) the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

16. At the time the action was filed, at the time of removal, and at all relevant times, Defendant Metropolitan Life Insurance Company was and is incorporated in the state of New York and had its principal its principal place of business in New York, New York, the location of its executive headquarters. Pursuant to 28 U.S.C. § 1332(c)(1), Defendant Metropolitan Life Insurance Company is a citizen of New York.

17. Because the parties are from different states, there is diversity of citizenship under § 1332(a).

3

## IV. Conclusion

Because this case involves diversity of citizenship and an aggregate amount in controversy in excess of $75,000, this Court has original subject matter jurisdiction over this case under 28 U.S.C. § 1332(a).

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant respectfully removes the above-captioned civil action to this Court.

Dated:  November 21, 2014                    Respectfully submitted,

/By: Sean OBrien
Thomas R. Bundy III (Bar No. 15265)
SUTHERLAND ASBILL & BRENNAN LLP
700 Sixth Street NW, Suite 700
Washington, D.C. 20001
Telephone:    202-383-0100
Facsimile:     202-637-3593
Email:           Thomas.Bundy@sutherland.com

*Attorney for Metropolitan Life Insurance Company*

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | |
|---|---|
| VICKI LYNN NORVELL, | |
| Plaintiff, | |
| | Civil Action No. _____ |
| v. | |
| | (Removed from the Circuit Court for Anne Arundel County, Case No. C-02-CV-14-000150) |
| METROPOLITAN LIFE INSURANCE COMPANY | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2014 a copy of Defendant's Notice of Removal was mailed via first class mail, postage prepaid, to

>Christopher Philip Brown
>7420 Baltimore Annapolis Boulevard
>Glen Burnie, MD 21061
>*Attorney for Plaintiff*

_____
Thomas R. Bundy